Perry R. Clark (CA Bar No. 197101)
perry@perryclarklaw.com
**Law Offices of Perry R. Clark**
825 San Antonio Road
Palo Alto, CA 94303
650.248.5817

Matthew M. Wawrzyn (*pro hac vice* forthcoming)
matt@wawrzynlaw.com
Stephen C. Jarvis (*pro hac vice* forthcoming)
stephen@wawrzynlaw.com
**WAWRZYN & Jarvis LLC**
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606
312.283.8010

*Attorneys for Plaintiff William Grecia*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Grecia,<br><br>       Plaintiff,<br><br>      v.<br><br>Adobe Systems Incorporated,<br><br>       Defendant. | Case No. 16-cv-6283<br><br>**COMPLAINT FOR PATENT INFRINGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**Parties**

1.      Plaintiff William Grecia lives in Downingtown, Pennsylvania.

2.      Adobe Systems Incorporated ("Adobe") is a corporation organized under the laws of Delaware with its principal place of business in San Jose, California.

**Jurisdiction and Venue**

3.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

4.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court may exercise personal jurisdiction over Adobe, which conducts continuous and systematic business in California and this District. These patent infringement claims arise directly from Adobe's continuous and systematic activity in this District. In short, this Court's exercise of jurisdiction over Adobe would be consistent with the California long-arm statute and traditional notions of fair play and substantial justice.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(b).

7.      Pursuant to Civil L.R. 3-2(c), this action shall be assigned on a district-wide basis because it is an intellectual property action.

**Claim of Patent Infringement**

*Count 1—Adobe Infringement of U.S. Patent 8,533,860*

8.      William Grecia owns United States Patent 8,533,860 (the "'860 patent"). William Grecia invented the methods and products claimed in the '860 patent.

9.      William Grecia is the exclusive owner of the '860 patent, which is attached hereto as "Exhibit A."

10.     The '860 patent is valid and enforceable.

11.     Adobe has and is directly infringing claims of the '860 patent. Adobe makes, uses, sells, and offers for sale products, methods, equipment, and services that practice and embody claims of the '860 patent—including but not limited to Adobe Creative Cloud ("ACC"). Without limiting the claims that will be asserted or the products and services that will be accused of infringement in this action, Adobe is infringing claim 8 of the '860 patent when Adobe makes, uses, and sells ACC.

a. Claim 8 involves, "A method for authorizing access to digital content using a cloud system, the cloud system comprising connected modules in operation as one or more of a cloud computing or a cloud storage in connection with devices and users, wherein the digital content is at least one of encrypted or not encrypted, the method facilitating access rights between a plurality of data processing devices . . . ." (Ex. A, col. 14:31-37.) ACC service operates a method of authorizing access to Adobe digital content (Adobe desktop and mobile applications) facilitating access rights between a plurality of devices. (Claim Chart attached hereto as "Exhibit B" at 1.)

b. Claim 8's method includes "receiving a digital content access request from at least one communications console of the plurality of data processing devices, the access request being a read or write request of metadata of the digital content, wherein the read or write request of metadata is performed in connection with a combination of at least one device and the cloud system, the request comprising a verification token provided by a first user corresponding to the digital content, wherein the verification token is one

or more of a password, e-mail address, payment system, credit card, authorize ready device, rights token, or one or more redeemable instruments of trade . . . ." (Ex. A, col. 14:38-49.) ACC receives a request for Adobe digital content through the Adobe Applications Manager (communications console). (Ex. B at 2.) The user's Adobe ID (verification token, e-mail and password) corresponding to the user's Adobe content rental plan is processed by ACC as a "rental permission." (*Id.*; *see also* Ex. A, col. 15:38-39 (claim 8).)

   c.  In claim 8, the verification token is authenticated. (Ex. A, col. 14:50.) The user's Adobe ID is authenticated by Adobe Applications Manager (communications console). (Ex. B at 3.) The Adobe ID is authenticated through an Auth services endpoint separate from the ACC web service. (*Id.*)

   d.  Claim 8 involves "establishing a connection with the at least one communications console, wherein the communications console is a combination of a graphic user interface (GUI) and an Application Programmable Interface (API) wherein the API is related to a verified web service, the web service capable of facilitating a two way data exchange to complete a verification process wherein the data exchange session comprises at least one identification reference . . . ." (Ex. A, col. 14:51-59.) Adobe Applications Manager (communications console) establishes a connection to the private ACC API web service to complete a verification process of the API key, allowing a two-way data exchange session. (Ex. B at 4.)

e.  In claim 8, after the connection with the verified web service is established
the communications console requests and receives: "requesting the at least
one identification reference from the at least one communications console.
. . . receiving the at least one identification reference from the at least one
communications console . . . ." (Ex. A, col. 14:60-15:2.) Adobe
Applications Manager (communications console) requests and receives at
least one ACC **account identifier** (device ID), also recognized by ACC in
the claim alternative as being one or more of: device rights token, device
serial number, device manufacture identification, device operating system
version, device credential, or device key. (Ex. B at 5.) The Adobe
Applications Manager (communications console) requests and receives
more than one identification references (Device ID): (i) from the ACC web
service to determine an active device limit; and (ii) from the executing
device to discover the local machine Device ID to write as a new Device
ID replacing an existing ACC metadata stored Device ID. (*Id.*)

f.  Claim 8 involves "writing at least one of the verification token or the
identification reference into the metadata." (Ex. A, col. 15:3-4.) Adobe
Applications Manager (communications console) writes the new Device
ID to the ACC metadata. (Ex. B at 6.)

### *Count 2—Adobe Infringement of U.S. Patent 8,402,555*

12.    William Grecia owns United States Patent 8,402,555 (the "'555 patent").
William Grecia invented the methods and products claimed in the '555 patent.

13.    William Grecia is the exclusive owner of the '555 patent, which is attached
hereto as "Exhibit C."

---

14.     The '555 patent is valid and enforceable.

15.     Adobe has and is directly infringing claims of the '555 patent. Adobe makes, uses, sells, and offers for sale products, methods, equipment, and services that practice and embody claims of the '555 patent—including ACC. Without limiting the claims that will be asserted or the products and services that will be accused of infringement in this action, Adobe is infringing claim 13 of the '555 patent when Adobe makes, uses, and sells ACC.

     a.  Claim 13 involves, "A system for monitoring access to an encrypted digital media, the system facilitating interoperability between a plurality of data processing devices, the system working as a front-end agent for access rights authorization between a plurality of data processing devices, the system comprising . . . ." (Ex. C, col. 15:65-16:2.) The ACC system is comprised of modules that monitor access to encrypted digital media (e.g., "assets" stored in the cloud by Adobe desktop and mobile applications) facilitating interoperability between a plurality of devices (e.g., "across your desktop and mobile devices"). (Claim Chart attached hereto as "Exhibit D" at 1.)

     b.  Claim 13's system includes "a first receipt module, the first receipt module receiving an encrypted digital media access branding request from at least one communications console of the plurality of data processing devices, the branding request being a read or write request of metadata of the encrypted digital media, the request comprising a membership verification token provided by a first user, corresponding to the encrypted digital media . . . ." (Ex. C, col. 16:3-11.) The ACC system has a first receipt module that receives a write request to establish access rights to digital media assets

through the Adobe Applications Manager (communications console). (Ex.
D at 2.) The user's Adobe ID (membership verification token) corresponds
to a user's Creative Cloud digital media assets for interoperable device
access. (*Id.*)

c.  In claim 13, the verification token is authenticated: "the authentication
    module authenticating the membership verification token, the
    authentication being performed in connection with a token database . . . ."
    (Ex. C, col. 16:12-15.) The ACC system has an authentication module that
    authenticates the user's Adobe ID using a token database. (Ex. D at 3.)

d.  Claim 13 has a "a connection module, the connection module establishing
    connection with the at least one communications console wherein the
    communications console is a combination of a graphic user interface
    (GUI) and an Applications Programmable Interface (API) protocol
    wherein the API is related to a verified web service, the verified web
    service capable of facilitating a two way data exchange to complete a
    verification process . . . ." (Ex. C, col. 16:16-23.) The ACC system has a
    connection module that establishes a connection to a verified web service
    using API credentials verified by the web service that the module has
    permission to establish a connection to it. (Ex. D at 4.)

e.  Claim 13 includes "a request module, the request module requesting at
    least one electronic identification reference from the at least one
    communications console wherein the electronic identification reference
    comprises a verified web service account identifier of the first user, a
    second receipt module, the second receipt module receiving the at least one

electronic identification reference from the at least one communications console . . . ." (Ex. C, col. 16:24-31.) The ACC system has a request module and second receipt module that request and receive at least one verified web service **account identifier** (the system metadata identifier recognized as a "device ID"). (Ex. D at 5.)

       f.   Claim 13 has "a branding module, the branding module branding metadata of the encrypted digital media by writing the membership verification token and the electronic identification reference into the metadata." (Ex. C, col. 16:32-35.) The ACC system has a branding module that writes the Adobe ID (membership verification token) and the Device ID (electronic identification reference) to the ACC system metadata. (Ex. D at 6.)

       g.   Claim 13 is the system "wherein the encrypted digital media is one of a video file, audio file, container format, *document*, metadata as part of video game software and other computer based apparatus in which processed data is facilitated." (Ex. C, col. 16:36-40 (emphasis added).) The encrypted digital media accessed through the ACC system are Adobe application formatted documents (e.g., assets). (Ex. D at 6.)

### Prayer for Relief

WHEREFORE, William Grecia prays for the following relief against Adobe:

    (a)    Judgment that Adobe has directly infringed the '860 patent and the '555 patent;

    (b)    For a fair and reasonable royalty;

    (c)    For pre-judgment interest and post-judgment interest at the maximum rate

1  allowed by law;

2      (d)    For such other and further relief as the Court may deem just and proper.

3  Date:  October 31, 2016                Respectfully submitted,

4

5                                /s/ Perry R. Clark
                                 Perry R. Clark (CA Bar No. 197101)
6                                perry@perryclarklaw.com
                                 **Law Offices of Perry R. Clark**
7                                825 San Antonio Road
                                 Palo Alto, CA 94303
8                                650.248.5817

9

10                               Matthew M. Wawrzyn (*pro hac vice* forthcoming)
                                 matt@wawrzynlaw.com
                                 Stephen Jarvis (*pro hac vice* forthcoming)
11                               stephen@wawrzynlaw.com
                                 **Wawrzyn & Jarvis LLC**
12                               233 S. Wacker Dr., 84th Floor
                                 Chicago, IL 60606
13                               312.283.8010

14                               *Attorneys for Plaintiff William Grecia*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Patent Infringement                    9                    Case No 16-6283

1

## **DEMAND FOR JURY TRIAL**

2

3        Pursuant to Fed. R. Civ. P. 38(b) and Civil L.R. 3-6(a), Plaintiff hereby demands a

4   jury trial on issues so triable.

5   Date:  October 31, 2016                    Respectfully submitted,

6

7                                              /s/ Perry R. Clark
                                               Perry R. Clark (CA Bar No. 197101)
8                                              perry@perryclarklaw.com
                                               **Law Offices of Perry R. Clark**
9                                              825 San Antonio Road
                                               Palo Alto, CA 94303
10                                             650.248.5871

11
                                               Matthew M. Wawrzyn (*pro hac vice* forthcoming)
12                                             matt@wawrzynlaw.com
                                               Stephen C. Jarvis (*pro hac vice* forthcoming)
13                                             stephen@wawrzynlaw.com
                                               **Wawrzyn & Jarvis LLC**
14                                             233 S. Wacker Dr., 84th Floor
                                               Chicago, IL 60606
15                                             312.283.8010

16                                             *Attorneys for Plaintiff William Grecia*

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Patent Infringement                    10                    Case No 16-6283