UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WILLIAM GRECIA,**<br>Plaintiff,<br>vs.<br>**ADOBE INC.,**<br>Defendant. | CASE NO. 16-cv-06283-YGR<br><br>**ORDER GRANTING MOTION TO STAY AND DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 55, 56 |

Plaintiff Grecia has filed over 40 lawsuits against more than a dozen defendants alleging infringement of several U.S. patents by various credit card payment systems and processes. In one such case, Judge Richard Sullivan of the Southern District of New York recently issued a claim construction order that invalidated the sole claim at issue in this case.[1] (*See Grecia v. MasterCard Int'l Inc.*, No. 15-cv-09059-JGK (S.D.N.Y.) ("MasterCard Action") Dkt. No. 89.)[2]

Now before the Court is defendant Adobe, Inc.'s ("Adobe") motion to stay this action pending the final disposition, by way of reversal or finalization by the Federal Circuit, of Judge Sullivan's claim construction order (Dkt. No. 55 ("Stay Motion")) and plaintiff's motion for leave file an amended complaint to include a claim which was not invalidated by Judge Sullivan's claim construction order (Dkt. No. 56 ("Amend Motion")). Having carefully considered the papers submitted, and for the reasons set forth more fully below, the Court **GRANTS** Adobe's motion to stay and **DENIES** plaintiff's motion for leave to file an amended complaint.

---

[1] This claim construction order also applied to *Grecia v. Samsung Electronics America, Inc.*, No. 16-cv-9691-JGK (S.D.N.Y.).

[2] Unless otherwise noted, as it is here, all references to a docket entry refer to the docket in the instant case.

**I.     BACKGROUND**

On October 31, 2016, plaintiff sued Adobe asserting infringement of two patents directed to preventing unauthorized copying of digital media: U.S. Patent No. 8,402,555 ("the '555 Patent") and U.S. Patent No. 8,533,850 ("the '860 Patent"). On March 6, 2017, Adobe and Grecia stipulated to a stay pending the claim construction ruling by Judge Sullivan in the MasterCard Action. (Dkt. No. 33.) The stay was continued by stipulation on September 12, 2017 and January 17, 2018. (Dkt. Nos. 35, 38.) Judge Sullivan held a claim construction hearing in the MasterCard Action on May 24, 2018. (*See* Motion at 2.)

On July 30, 2018, this Court held a case management conference, during which it lifted the stay as to the instant action. (*See* Dkt. No. 54 ("CMC Trans.").) During that conference plaintiff's counsel made a "binding representation" to the Court that Grecia is only asserting claim 13 of the '555 Patent against Adobe. (*Id.* at 11-12.) On July 31, 2018, in accordance with the Court's instruction on July 30, plaintiff filed a statement confirming that he "no longer alleges that [Adobe] infringes claim 8 of [the '860 patent]" and "now asserts only claim 13 of [the '555 Patent][.]" (Dkt No. 42 ("Claim Confirmation") at 2.) On August 13, 2018, Adobe filed its answer and counterclaims. (Dkt. No. 46.) On September 4, 2018, Grecia answered Adobe's counterclaims and confirmed by admission that he "now only alleges that Adobe infringed claim 13 of the '555 patent." (Dkt. No. 51 ("Answer") at 2.) The deadline for parties' invalidity contentions, December 21, 2018, has been stayed pending the Court's resolution of the pending motions to stay and for leave to amend. (Dkt. Nos. 60, 69.)

On September 7, 2018, Judge Sullivan issued a claim construction order finding claims 12-14 and 24-26 of the '555 Patent invalid as indefinite.[3] (Dkt. No. 55-1 ("Sullivan Construction Order") at 27.) Specifically, Judge Sullivan found that various "modules" claimed in the '555 Patent are means-plus-function limitations subject to 35 U.S.C. Section 112 for which "the specification fails to disclose sufficient structure and 'clearly link' it to the functions recited" in the claims. (*Id.* at 24.)

---

[3] Judge Sullivan also found claims 9, 10, and 21-30 of the '860 Patent invalid as indefinite. (Sullivan Construction Order at 27.)

2

## II. MOTION TO STAY

It is well-settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Whether to issue a stay in a case is based on the trail court's sound discretion and basic principles of equity, fairness, efficiency, and conservation of judicial resources. *See Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972); *see also Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cit. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

In contemplating a stay, a court should consider (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer as a result of denial of a stay; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 365, 268 (9th Cir. 1962)).

Plaintiff has not shown that he will suffer any harm as a result of the requested stay. *See* Dkt. No. 57 ("Stay Opp.") (failing to articulate any source of harm other than delay); *see also Aliphcom v. Fitbit, Inc.*, 154 F.Supp.3d 933, 938 (N.D. Cal. 2015) (finding that delay, in and of itself, is not harmful "without specific supporting evidence"). In the two years since the filing of plaintiff's complaint, he has stipulated to a stay on three separate occasions for the purpose of awaiting the very claim construction ruling by Judge Sullivan at issue here, resulting in pause in the litigation of over a year. (*See* Dkt. Nos. 33, 35, 38.) Moreover, a stay will not deny plaintiff any recovery to which he may be entitled. As a non-practicing individual, Grecia is not entitled to injunctive relief in this case. *See Voda v. Cordis Corporation*, 536 F.3d 1311, 1329 (Fed. Cir. 2009); *see also eBay Inc., v. Mercexchange, L.L.C.*, 547 U.S. 388, 391 (2006);

If this case moves forward, the parties will be required to litigate the alleged validity and infringement of the only claim at issue in this case, claim 13 of the '555 Patent. (*See* Claim

3

Confirmation at 2 (confirming to the Court, in writing, that "Mr. Grecia now asserts only claim 13 of U.S. Patent No. 8,402,555 against Adobe").) To so require would be unnecessarily duplicative of Judge Sullivan's analysis and any evaluation thereof by the Federal Circuit. (*See* Sullivan Construction Order at 27 (holding that claim 13 of the '555 Patent is invalid for indefiniteness).) Plaintiff has not provided any reason to require Adobe to reestablish separately and simultaneously in this Court that claim 13 of the '555 Patent is invalid on the same grounds.[4] (*See* Stay Opp.)

Additionally, a stay will simplify the legal questions at issue here. If the Federal Circuit affirms Judge Sullivan's ruling, it will dispose of this case. *See Shelcore Inc. v. Durham Indus., Inc.*, 745 F.2d 621, 628 (Fed. Cir. 1974) (affirming patent invalidity and declining to analyze infringement as a party "can incur no liability for 'infringement' of invalid claims"). On the other hand, and as Adobe concedes, if the Federal Circuit overturns Judge Sullivan's ruling, "it will be because Grecia has demonstrated to the Federal Circuit's satisfaction that specific structures in the '555 Patent are sufficiently linked to each claimed 'module.' In such a case, the Federal Circuit's ruling will directly and precedentially inform this Court's analysis of the claim at issue." (Stay Motion at 6.) *See also Evolutionary Intelligence, LLC v. Apple, Inc.*, No. C 13-04201-WHA, 2014 WL 93954, at *3 (N.D. Cal. Jan. 9, 2014) (granting stay pending reconsideration of the validity of a patent-in-suit by the U.S. Patent and Trademark Office because "provid[ing] the PTAB time to consider whether to grant *inter partes* review will minimize the risk of inconsistent results and conserve resources"; further stating that "[t]here is . . . little benefit to be gained from having two forums review the validity of the same claims at the same time").

Accordingly, the Court finds that the basic principles of equity, fairness, efficiency, and conservation of judicial resources weigh in favor of a stay of the instant case pending the final disposition, by way of reversal or finalization by the Federal Circuit, of Judge Sullivan's claim construction order in the MasterCard Action. *See Filtrol Corp.*, 467 F.2d at 244.

---

[4] Similarly, nor has plaintiff provided a reason why this Court should separately and simultaneously re-adjudicate the validity of claim 13 of the '555 Patent. *See Leyva*, 593 F.2d at 863.

4

### III. MOTION FOR LEAVE TO AMEND

As a preliminary matter, although there is some overlap with the analysis related to the amendment of contentions under Patent Local Rule 3-6, Federal Rule of Civil Procedure 15 governs the amendment of a *complaint*.[5] Rule 15 provides for amendment of a pleading "once as a matter of course" within the confines of certain requirements not met here, *see* Fed. R. Civ. P. 15(1), and "in all other cases . . . only with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(2). Although Rule 15 instructs courts to give leave freely "when justice so requires," such analysis requires consideration of the following factors: (1) any bad faith or dilatory motive of the moving party; (2) any prejudice to the opposing party; (3) undue delay; and (4) the futility of the proposed amendment.[6] *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *see also Alzheimer's Inst. of Am. v. Elan Corp. PLC*, 274 F.R.D. 272, 276 (N.D. Cal. 2011).

"Bad faith may . . . exist when a party repeatedly represents to the court that the party will not move to amend its complaint, and subsequently moves to amend once 'the proverbial writing was on the wall' that the party will suffer an adverse judgment." *Naranjo v. Bank of Am. Nat'l Assoc.*, No. 14-cv-02748-LHK, 2015 WL 913031, at *5 (N.D. Cal. Feb. 27, 2015) (quoting *Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 510 (N.D. Cal. 2011), *aff'd*, 475 F.App'x 334 (Fed. Cir. 2012)). Here, plaintiff seeks to amend his complaint for the sole reason that another court has entered a claim construction order invalidating the only claim that he asserts against

---

[5] Local Patent Rule 3-6 applies to the "Amendment of the Infringement Contentions or the Invalidity Contentions." L. Pat. R. 3-6. *See also Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-cv-01012-SI, 2017 WL 2774339, at *4 (N.D. Cal. June 26, 2017) (treating the analyses under Rule 15, for amendment of complaint, and Patent Local Rule 3-6, for amendment of contentions, as separate and distinct).

[6] Moreover, a party seeking amendment of contentions under Patent Local Rule 3-6 faces a higher burden as a court may properly deny leave to amend solely upon a showing of lack of diligence. *See Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 507-08 (N.D. Cal. 2011), *aff'd*, 475 F.App'x 334 (Fed. Cir. 2012) ("Most notably, under Rule 15, undue delay by itself is insufficient to justify denying a motion to amend[,]" whereas "under Patent Local Rule 3-6, if there is no showing of diligence, then a court need not even entertain whether the amendment would prejudice the nonmoving party."); *see also O2 Micro International Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006) (approving of this approach).

Adobe. (*See* Amend Motion at 4.) He does so after representing to this Court on at least three occasions that this claim, claim 13 of the '555 Patent, is the only one upon which he alleges that Adobe infringed.[7] (*See* CMC Trans. at 11-12; Claim Confirmation at 2; Answer at 2.) Plaintiff made these representations on July 20, 2018, July 31, 2018, and September 3, 2018, respectively. (*See id.*) Five days after plaintiff's final representation, on September 8, 2018, Judge Sullivan issued the claim construction order invalidating the only claim at issue in this case. (*See* Sullivan Claim Construction at 27.) Plaintiff filed the instant motion for leave to amend one month later, on October 10, 2018. (*See* Amend Motion.) Accordingly, the Court finds that plaintiff's "motion to amend was taken in bad faith, more specifically, as a last-ditch attempt to avoid the case being dismissed in its entirety." *Trans Video*, 278 F.R.D. at 510 (denying leave to amend in a patent case after patentee "expressly reaffirmed to [the] Court on two separate occasions" that it was brining one claim of patent infringement and only moved to amend to add additional claims when briefing on a motion for summary judgment was complete).

Moreover, the Court and the parties have engaged in a substantial effort to streamline this case, as well as the related cases before this Court,[8] in light of those pending in the Southern District of New York.[9] In addition to the clarification of alleged claims described above, the parties have stipulated to stay, and continue to stay, the instant action pending Judge Sullivan's claim construction order on three occasions.[10] (Dkt. Nos. 31, 34, 37.) Adobe has relied upon plaintiff's representations regarding his alleged claims and their relationship to Judge Sullivan's claim construction order in preparing its case and litigation strategy. (Dkt. No. 59 ("Amend

---

[7] Plaintiff also represented to the Court, in parties' July 16, 2018 case management statement, that he "does not anticipate amendment of the pleadings." (Dkt No. 41 at 12.)

[8] *Grecia v. Dish Network L.L.C.*, No. 16-cv-00588-YGR (N.D. Cal.); *Grecia v. Target Corporation*, No. 17-cv-00323-YGR (N.D. Cal.).

[9] *Grecia v. MasterCard Int'l Inc.*, No. 15-cv-9059-JGK (S.D.N.Y.); *Grecia v. 1-800-Flowers.com, Inc.*, No. 16-cv-7022-JGK (S.D.N.Y.); *Grecia v. BestBuy.com, LLC*, No. 16-cv-7024-RJS (S.D.N.Y.); *Grecia v. J. Crew Group, Inc.*, 16-cv-7025-JGK; *Grecia v. Neiman Marcus Group, Inc.*, No. 16-cv-7111-RJS (S.D.N.Y.).

[10] In so stipulating, plaintiff, unlike Adobe, did not disclaim an agreement to be bound by Judge Sullivan's order. (*See e.g.*, Dkt. No. 31 ¶ 4.)

Opp.") at 6.) Additionally, an amendment of plaintiff's complaint will result in a delay of the instant proceedings, as Adobe will need additional time to participate meaningfully in claim construction for the amended claim. *See Alzheimer's Institute of America*, 274 F.R.D. at 276 (finding prejudice where pre-trial schedule require amendment to provide non-moving party with sufficient time to meaningfully participate claim construction of additional claim). Accordingly, allowing plaintiff to amend his complaint at this point in the litigation would result in prejudice against Adobe.

Finally, plaintiff was on notice of the arguments that provide the basis for Judge Sullivan's claim construction ruling from the claim construction briefing in the MasterCard Action, which was completed in December 2017, as well as Adobe's January 4, 2018 petition for *inter partes* review of the '555 Patent. (*See* Dkt. No. 55-3 at 19.) Plaintiff nevertheless voluntarily limited his allegations against Adobe to claim 13 of the '555 Patent and filed the instant motion for leave to amend only after Judge Sullivan ruled that claim 13 was invalid.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Adobe's motion to stay the instant action pending the final disposition, by way of reversal or finalization by the Federal Circuit, of Judge Sullivan's claim construction ruling in the MasterCard Action and **DENIES** plaintiff's motion for leave file an amended complaint.

Accordingly, the case is **STAYED,** and the Court **SETS** a Compliance Hearing for **Friday, May 31, 2019** at **9:01 a.m.** in Courtroom 1 of the Federal Courthouse at 1301 Clay Street, Oakland, California. By **Friday, May 24, 2019**, the parties shall file a joint statement informing the Court of the status Judge Sullivan's claim construction order in the MasterCard Action. If the joint statement is timely filed, no appearance may be required and the Compliance Hearing may be taken off calendar. Telephonic appearances will be allowed if the statement has been submitted in a timely fashion and the Court deems a hearing necessary. If at any time the claim construction order in the MasterCard Action receives final disposition, the parties shall notify the Court with a joint statement filed within five (5) business days thereafter.

\\

This Order terminates Docket Number 55 and 56.

**IT IS SO ORDERED.**

Dated: December 12, 2018

_____
**YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE**